UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
CAROLYN JANET ARNOLD,                      :
                                           :
                Plaintiff,         :
                                           :   06 Civ. 1747 (GBD)
       v.                               :
                                           :
ABC, INC. and THE WALT DISNEY              :
COMPANY,                                   :
                                           :
                Defendants.        :
---------------------------------------------------------------x

# DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF THEIR MOTION TO DISMISS

HOGAN & HARTSON L.L.P.
Eric J. Lobenfeld (EL 4560)
R. Brian Black (RB 3675)
875 Third Avenue
New York, New York 10022
(212) 918-3000

*Attorneys for Defendants
American Broadcasting Companies, Inc. and
the Walt Disney Company*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND ........................................................................................................3

ARGUMENT .................................................................................................................................4

I. PLAINTIFF'S FEDERAL CLAIMS SHOULD BE DISMISSED
   PURSUANT TO RULE 12(b)(6) ......................................................................................4

   A. Standard of Review ..............................................................................................4

   B. ABC's Use of the Common English Phrase "What's Your Problem?"
      Is Fair Use .............................................................................................................5

      1. ABC used a common English phrase in a descriptive sense .......................7

      2. ABC's use is artistic expression protected by the First
         Amendment .................................................................................................8

      3. Plaintiff's allegations that ABC knew about her mark do not
         constitute bad faith .....................................................................................9

   C. Plaintiff Narrowly Limited Her Trademark Registration ...................................10

   D. Plaintiff Has Not Alleged a Factual Basis for Likelihood of Confusion ............11

II. PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED ............................13

   A. Plaintiff Has Not Alleged that Her Mark Is Strong Enough to Be Diluted
      Under New York Law .........................................................................................13

   B. Plaintiff Has Failed to State a Cause of Action for Unfair Competition ............14

CONCLUSION ............................................................................................................................15

# TABLE OF AUTHORITIES

Cases

*B&L Sales Assocs. v. H. Darrof & Sons, Inc.*, 421 F.2d 352 (2d Cir. 1970) ................................ 6, 7

*Car-Freshner Corp. v. S.C. Johnson & Son, Inc.*, 70 F.3d 267 (2d Cir. 1995) ......................... 5, 9

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ..................................................... 4, 5

*Cliffs Notes, Inc. v. Bantam Doubleday Dell Publ'g Group, Inc.*, 886 F.2d 490
   (2d Cir. 1989) .................................................................................................................. 6

*Cosmetically Sealed Indus., Inc. v. Chesebrough-Pond's USA Co.*, 125 F.3d 28
   (2d Cir. 1997) ........................................................................................................... 5, 6, 7

*Empresa Cubana del Tabaco v. Culbro Corp.*, No. 97 Civ. 8399(RWS), 2004 WL
   602295 (S.D.N.Y. Mar. 26, 2004) ................................................................................ 13

*E.R. Squibb & Sons, Inc. v. Cooper Lab., Inc.*, 536 F. Supp. 523 (S.D.N.Y. 1982) ....................... 9

*Field Enters. Educ. Corp. v. Grosset & Dunlap, Inc.*, 256 F. Supp. 382
   (S.D.N.Y. 1966) ............................................................................................................. 6

*Girl Scouts of the U.S.A. v. Bantam Doubleday Dell Publ'g Group, Inc.*,
   808 F. Supp. 1112 (S.D.N.Y. 1992) ..................................................................... 6, 7, 8, 9

*Girl Scouts of the U.S.A. v. Bantam Doubleday Dell Publ'g Group, Inc.*,
   996 F.2d 1477 (2d Cir. 1992) ..................................................................................... 6, 8

*Info. Superhighway, Inc. v. Talk Am., Inc.*, 395 F. Supp. 2d 44 (S.D.N.Y. 2005) ..................... 14

*In re Boston Beer Co. Ltd. P'ship*, 198 F.3d 1370 (Fed. Cir. 1999) ............................................... 6

*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111 (2004) .................. 5, 11

*Lang v. Retirement Living Publ'g Co.*, 949 F.2d 576 (2d Cir. 1991) ........................................... 10

*Mead Data Cent., Inc. v. Toyota Motor Sales U.S.A., Inc.*, 875 F.2d 1026 (2d Cir. 1989) ........... 13

*Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*, 170 F.R.D. 361
   (S.D.N.Y. 1997) ............................................................................................................. 4

*Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961) ........................................ 11

\\\NY - 22031/0009 - 942633 v1

*Radio Channel Networks, Inc. v. Broadcast.com, Inc.*, No. 98 Civ. 4799(RPP), 1999
    WL 124455 (S.D.N.Y. Mar. 8, 1999) ............................................................................9, 10

*Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 369 F. Supp. 2d 353
    (E.D.N.Y. 2005) ..................................................................................................................4

*Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) ..........................................................................8

*Sally Gee, Inc. v. Myra Hogan, Inc.*, 699 F.2d 621 (2d Cir. 1983) ..............................................13

*Scalisi v. Fund Asset Mgmt., L.P.*, 380 F.3d 133 (2d Cir. 2004) ...................................................4

*Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739 (2d Cir. 1998) .........................................11

*Venetianaire Corp. v. A&P Import Co.*, 429 F.2d 1079 (2d Cir. 1970) .......................................10

*Western Pub'g Co., Inc. v. Rose Art Indus., Inc.*, 733 F. Supp. 698 (S.D.N.Y. 1990) ...................6

*Wonder Labs, Inc. v. Procter & Gamble Co.*, 728 F. Supp. 1058 (S.D.N.Y. 1990) ....................14

Statutes and Rules

15 U.S.C. § 1114(1)(a)......................................................................................................................5

15 U.S.C. § 1115(b)(4) ....................................................................................................................5

15 U.S.C. § 1125(a)(1)(A) .............................................................................................................11

Fed. R. Civ. P. 12(b)(6)....................................................................................................................4

Defendants American Broadcasting Companies, Inc.[1] ("ABC") and the Walt Disney Company ("Disney") (collectively "Defendants") submit this Memorandum of Law in Support of their Motion to Dismiss the Complaint of Plaintiff Carolyn Janet Arnold ("Arnold") for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Fed. R. Civ. P., for trademark infringement, trademark dilution, false advertising, or unfair competition.

## PRELIMINARY STATEMENT

ABC's Tuesday night line-up includes the enormously popular *Boston Legal*, a television program about Crane, Poole & Schmidt, a fictional Boston law firm of brilliant, but dysfunctional attorneys who sometimes stretch the boundaries of the law in representing their clients. ABC promotes and advertises the program with fictional advertisements for Crane, Poole & Schmidt. Some of those fictional advertisements include the statement, "What's Your Problem? 1-877-SUE-2-WIN."

Plaintiff managed to persuade the United States Trademark Office to grant her a trademark for the phrase "What's Your Problem?" for a "reality-based tv show providing solutions to real people for real problems." She now seeks to expand the scope of her limited monopoly on this common phrase by claiming that a television audience will confuse her New York cable-access reality show with the fictional world of *Boston Legal*.

As a simple matter of common sense, no reasonable person could confuse ABC's promotions and advertisements for its nationally popular television program, *Boston Legal*, with Arnold's local reality show or the use of her mark. If there were any doubt—and there can be none—ABC's promotions and advertisements make the identity of their source abundantly clear. The *Boston Legal* website and advertisements prominently feature the ABC logo, photographs of

---

[1] Plaintiff erroneously identified American Broadcasting Companies, Inc. as ABC, Inc.

the program's famous cast members, and the well-known title of ABC's show. Stacked against this plain evidence, the notion that ABC invoked a connection to Arnold's program or mark to confuse consumers is just silly.

Putting aside the practical problems with Plaintiff's theory, the Complaint fails as a matter of law. ABC's use of "What's your problem?" is objectively fair, and the Complaint should be dismissed. Several factors establish that ABC's use of the phrase "What's your problem?" constitutes fair use. First, any protection afforded the phrase is narrow because it is a common English phrase. ABC used the phrase in that common descriptive sense, not as a trademark. ABC's use is objectively fair because it did not use "What's your problem?" as a mark to identify the source or origin of ABC's product, the show *Boston Legal*. ABC's advertisements also feature prominently references to *Boston Legal* and ABC's logo, further negating any claim that ABC used "What's your problem?" as a trademark.

Second, ABC's use is entitled to greater protection because its right to artistic expression under the First Amendment overrides Arnold's limited property interest in her mark. *Boston Legal* is a comedic form of expression. ABC's advertising for *Boston Legal* is an extension of that artistic expression that warrants First Amendment protection. Given the absence of any likelihood of confusion, ABC's First Amendment interests outweigh Arnold's trademark rights.

Third, ABC's use does not infringe the narrow use Arnold registered for the mark. Arnold's registration limits her monopoly on the mark to a "reality based tv show providing solutions to real people with real problems." *Boston Legal* is a fictional television program portraying a mock law firm, and the advertisements merely illustrate the comedic nature of show. No reasonable consumer could ever mistake *Boston Legal* for a reality-based show.

To be blunt, this case is not the type contemplated by the Lanham Act. Plaintiff's mark is weak and her audience is limited. Conversely, *Boston Legal*'s audience is the national, primetime broadcast network market. ABC's advertisements and website prominently identify *Boston Legal* as the product and ABC as the source. It is inconceivable that any reasonable viewer would confuse the source of the advertisements or website, let alone believe that they were referring to Plaintiff's show. Defendants submit that Plaintiff could never be able to establish likelihood of confusion, much less confusion sufficient to overcome ABC's objectively fair use.

The allegations in the Complaint are similarly insufficient to support the state law claims. Arnold cannot succeed under New York's anti-dilution statute because the mark is incapable of dilution. Given the nature of Plaintiff's show, the mark could not, as a matter of law, have the requisite distinctive quality in the minds of a significant percentage of ABC's national primetime market. Similarly, Arnold cannot establish common law unfair competition because the analysis mirrors the Lanham Act analysis. As such, the fair use defense equally precludes a claim for common law unfair competition.

For the reasons set forth below, ABC's Motion to Dismiss should be granted.

## FACTUAL BACKGROUND

ABC airs a network television program, *Boston Legal*, about a fictional law firm in Boston. ABC promotes and advertises *Boston Legal* on city buses, telephone booths, and billboards in New York and Los Angeles and on the Internet. (Declaration of Eric J. Lobenfeld, sworn to May 23, 2006, submitted herewith ("Lobenfeld Decl.") Ex. A ("Compl.") ¶¶ 32-35.)

3

Some of these promotions and advertisements include the phrase "What's your problem?" (Compl. ¶¶ 32-35; *see, e.g.*, Lobenfeld Decl. Exs. C-E.)[2]

Arnold owns a registered trademark, filed on April 8, 2003, for the phrase "WHAT'S YOUR PROBLEM?" as used in connection with a "reality based tv show providing solutions to real people with real problems." (Compl. ¶ 13; Lobenfeld Decl. Ex. B.) According to the Complaint, Arnold produces a New York cable-access program titled "What's Your Problem?", in which a host purports to interview real people and solve their problems. (Compl. ¶¶ 19-20.) The Complaint describes the program as "a reality based television show." (Compl. ¶ 15.)

## ARGUMENT

### I.

### PLAINTIFF'S FEDERAL CLAIMS SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)

**A.     Standard of Review**

Although a court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002), a court is not obligated to accept the plaintiff's unreasonable inferences, conclusory allegations, or legal conclusions in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 369 F. Supp. 2d 353, 359 (E.D.N.Y. 2005) (citing *Scalisi v. Fund Asset Mgmt., L.P.*, 380 F.3d 133, 137 (2d Cir. 2004)); *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*, 170 F.R.D. 361, 376 (S.D.N.Y. 1997). Indeed, a complaint should be

---

[2]     Exhibits C-E attached to the Lobenfeld Declaration are the promotions and advertisements referenced in the Complaint. (Compl. ¶¶ 32-35.)

4

dismissed where "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Chambers*, 282 F.3d at 152 (internal quotations omitted).

Further, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Id.* (internal quotations omitted). Other documents not incorporated by reference may be considered on a motion to dismiss if the complaint "relies heavily upon its terms and effect," making it "integral to the complaint." *Id.* (internal quotations omitted).

**B.     ABC's Use of the Common English Phrase "What's Your Problem?" Is Fair Use**

Under Section 32 of the Lanham Act, trademark infringement occurs when a party "use[s] in commerce . . . a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a) (2000). Under Section 33 of the Lanham Act, there is no trademark infringement where "the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark . . . of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party." 15 U.S.C. § 1115(b)(4); *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 118 (2004). "The defense permits others to use protected marks in descriptive ways." *Cosmetically Sealed Indus., Inc. v. Chesebrough-Pond's USA Co.*, 125 F.3d 28, 30 (2d. Cir. 1997). "The principle is of great importance because it protects the right of society at large to use words or images in their primary descriptive sense, as against the claims of a trademark owner to exclusivity." *Car-Freshner Corp. v. S.C. Johnson & Son, Inc.*, 70 F.3d 267, 269 (2d Cir. 1995). The various forms of fair use thus weaken and limit the protection afforded trademarks.

The fair use defense is particularly strong where the plaintiff's mark is a common English word or phrase. *Cosmetically Sealed*, 125 F.3d at 30; *Western Pub'g Co., Inc. v. Rose Art Indus., Inc.*, 733 F. Supp. 698, 700 (S.D.N.Y. 1990) ("The law does not favor efforts to monopolize a common, frequently used word."). A plaintiff cannot prevent the general use of a common English phrase by registering a mark in connection with specific goods. *B&L Sales Assocs. v. H. Darrof & Sons, Inc.*, 421 F.2d 352, 354 (2d Cir. 1970) ("Come on Strong"); *see also In re Boston Beer Co. Ltd. P'ship*, 198 F.3d 1370, 1374 (Fed. Cir. 1999); *Field Enters. Educ. Corp. v. Grosset & Dunlap, Inc.*, 256 F. Supp. 382, 388 (S.D.N.Y. 1966) ("How and Why"). Even if some consumer confusion may arise from a defendant's use of a common phrase mark, "that is a risk the plaintiff accepted when it decided to identify its product with a mark that uses a well known descriptive phrase." *Cosmetically Sealed*, 125 F.3d at 30. Further, where a descriptive phrase is used in an advertisement and the ad itself clearly identifies the defendant as the source, courts have found fair use based on the pleadings and affidavits. *See B&L Sales*, 421 F.2d at 353 (use of a common phrase was fair use where the advertisements clearly included the defendant's logo and product names).

The protection afforded to trademark owners is further narrowed where First Amendment protection of artistic expression is involved. *Girl Scouts of the U.S.A. v. Bantam Doubleday Dell Publ'g Group, Inc.*, 808 F. Supp. 1112, 1118 (S.D.N.Y. 1992), *aff'd*, 996 F.2d 1477 (2d Cir. 1992); *see also Cliffs Notes, Inc. v. Bantam Doubleday Dell Publ'g Group, Inc.*, 886 F.2d 490, 494 (2d Cir. 1989). "[A] trademark owner cannot circumscribe the mark's use beyond a relatively narrowly defined area where consumer confusion is substantial." *Girl Scouts*, 808 F. Supp. at 1119. "[T]he [Lanham] Act should be construed to apply to artistic works only where

the public interest in avoiding consumer confusion outweighs the public interest in free expression." *Id.* at 1120.

### 1. ABC used a common English phrase in a descriptive sense

In this case, ABC's use was objectively fair. The Second Circuit has recognized that fair use is broad and encompasses far more than using a phrase in a literal sense to describe the defendant's own product. *E.g.*, *Cosmetically Sealed*, 125 F.3d at 30. In *Cosmetically Sealed*, the plaintiff's mark, "SEALED WITH A KISS," was used in connection with the marketing of lip gloss. *Id.* at 29. The defendant used the phrase, "Seal it with a Kiss!", in advertising its own lipstick product. *Id.* The Second Circuit noted that "[t]hough the words 'Seal it with a Kiss' do not describe a characteristic of the defendants' product, they surely are used in their 'descriptive sense'—to describe an action that the sellers hope consumers will take, using their product." *Id.* at 30. The court also noted, as evidence of non-trademark use, that the defendants' own trademarks appeared in the advertising. *Id.* at 30. Recognizing that the phrase was "a fixture of the language," the Second Circuit affirmed the district court's dismissal, noting that it was a "clear instance of a non-trademark use of words in their descriptive sense." *Id.*

Similarly, in *B&L Sales*, the Second Circuit affirmed the district court's determination on the pleadings and affidavits that the defendant's use of the common phrase "Come on Strong" in advertising for its clothing was not a trademark use. *B&L Sales*, 421 F.2d at 353. Defendant's own logos and product names appeared in the ad. *Id.* Noting that the phrase was intended only to describe the intended effect of the defendant's clothing, the Second Circuit stated that "it is inconceivable that these materials were intended to attribute the source of the goods to anyone other than the defendant." *Id.*

7

ABC has used "What's your problem?" in a similarly descriptive manner. As in *Cosmetically Sealed* and *B&L Sales*, the phrase is a common "fixture of the language," and ABC used the term in that common sense as part of mock advertisements for *Boston Legal*'s fictional law firm. For example, the show's website superficially mimics a real law-firm website, until the viewer follows links to information about and audio and video from the show. (Lobenfeld Decl. Exs. C-D.) ABC has used "What's your problem?" on the mock firm website in a small box with a phone number, "1-877-SUE-2-WIN." Clicking on the box launches an audio clip of two *Boston Legal* characters in a humorous dialogue about the fictional law firm that directs users to watch the show. The print advertisements are no different, and they also feature prominently the name *Boston Legal*, photographs of the cast members, and the ABC logo. In the Second Circuit's words, "[i]t is inconceivable" that this use of a common phrase was intended to attribute, or in any way could be construed as attributing, the source or origin of the show to anyone other than ABC.

**2. ABC's use is artistic expression protected by the First Amendment**

First Amendment concerns further narrow the protection that should be afforded Plaintiff's mark as against ABC's mock advertisements for the fictional *Boston Legal* law firm. In *Girl Scouts v. Bantam Doubleday Dell Publishing Group, Inc.*, the Second Circuit affirmed the district court's holding that First Amendment interests outweighed the minimal risk of consumer confusion from alleged trademark infringement. 996 F.2d 1477, 1478 (2d Cir. 1993). The Girl Scouts had argued that the title and other references in Bantam's *Pee Wee Scouts* series of books infringed the Girl Scouts' trademark in the word "scout." The district court recognized that artistic expression requires more protection than ordinary commercial products. *Girl Scouts*, 808 F. Supp. at 1120 (citing *Rogers v. Grimaldi*, 875 F.2d 994, 998-99 (2d Cir. 1989)). Because

8

books and movies are designed to "entertain as well as to inform," they are a "constitutionally protected form of expression notwithstanding that their production, distribution and exhibition is a large-scale business conducted for private profit." *Id.* (internal quotations omitted). Especially where the risk of confusion is slight, First Amendment concerns outweigh trademark rights. *Id.*

ABC's use of the phrase "What's your problem?" is unquestionably a form of artistic expression. The entire concept for *Boston Legal*, the advertisements, and the show's website are part of a comedic fiction about a fake law firm. They are constitutionally protected forms of expression designed to entertain and inform. No consumer could possibly confuse the advertisements or the website referred to in the Complaint as advertisements for a real law firm that will solve "real problems" of "real people." Nor could any consumer believe that ABC is referring to Arnold's reality show concerning "real people with real problems" when ABC uses the phrase. Given the complete absence of any likelihood of confusion, ABC's First Amendment interest in artistic expression trumps Arnold's limited trademark rights.

### 3. Plaintiff's allegations that ABC knew about her mark do not constitute bad faith

To maintain a defense of fair use, a defendant must have acted in good faith in using the mark in its descriptive sense. *Car Freshner*, 70 F.3d at 270. But using a mark with knowledge of prior use by another is insufficient to show bad faith. *Id.* (holding that defendant's descriptive use with knowledge of plaintiff's prior use was not bad faith); *Radio Channel Networks, Inc. v. Broadcast.com, Inc.*, No. 98 Civ. 4799(RPP), 1999 WL 124455, at *5 (S.D.N.Y. Mar. 8, 1999), *aff'd*, 201 F.3d 432 (2d Cir. 1999) ("[E]ven assuming that plaintiff is able to prove that defendant knew of the plaintiff's mark, it must allege something more than mere knowledge of the claimed mark on the part of the defendant."); *E.R. Squibb & Sons, Inc. v. Cooper Lab., Inc.*, 536 F. Supp. 523, 532 (S.D.N.Y. 1982) ("[K]nowledge of prior use alone does not amount to a bad faith

9

attempt to capitalize on the skill, expenditures, and labor of the first user."). A defendant using a mark with knowledge of the plaintiff's prior use does not act in bad faith "if it believes it is using the challenged words in their descriptive sense." *Radio Channel*, 1999 WL 124455, at *5. The question of bad faith turns on whether defendant intended to capitalize on plaintiff's reputation and goodwill and the resulting confusion between the parties' products. *Id.* (citing *Lang v. Retirement Living Publ'g Co.*, 949 F.2d 576, 583 (2d Cir. 1991)).

The Complaint alleges that certain employees of ABC may have known about Arnold's show. (Compl. ¶¶ 22-31.) So what? That is insufficient to establish ABC's bad faith.[3] ABC is using the phrase "What's your problem?" in its descriptive sense. Given the nature of Plaintiff's show, the limited scope of her trademark, and the success of *Boston Legal* <u>well before</u> the promotions and advertisements at issue, it defies common sense to suggest that ABC would have any reason to want to capitalize on the more limited and narrow reputation or goodwill of Plaintiff's show. There is no possibility that consumers would mistake ABC's use as referring to the Plaintiff's show; ABC, of course, did not intend to capitalize on this purported confusion.

C.      **Plaintiff Narrowly Limited Her Trademark Registration**

As discussed above, the protection afforded common English phrases is restricted. Arnold obviously recognized the limited nature of her rights by registering her mark, "WHAT'S YOUR PROBLEM?", only for a "reality based tv show providing solutions to real people with real problems." (Compl. ¶ 13; Lobenfeld Decl. Ex. B.) Despite that narrow registration, however, she now seeks to expand the exclusive scope of her mark to all television shows. *See Venetianaire Corp. v. A&P Import Co.*, 429 F.2d 1079, 1082 (2d Cir. 1970) ("Clearly plaintiff could not by indirection preempt for its own exclusive use a common word which is aptly

---

[3] There are no allegations that these ABC employees had anything whatever to do with *Boston Legal* or its advertising.

10

descriptive of [other products]."). ABC used the phrase in advertising a fictional television show, not a reality-based program providing solutions to real people with real problems. Viewing the advertisements, there is no possibility that the average television viewer would think that *Boston Legal* is real, let alone think that Arnold was the source or origin of such advertisements. Arnold cannot enlarge her limited registration of a common phrase to prevent all descriptive use of the phrase in advertising a completely different type of television show.

D.  **Plaintiff Has Not Alleged a Factual Basis for Likelihood of Confusion**

Section 43 of the Lanham Act forbids acts that are "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A). The plaintiff bears the burden of establishing that the defendant's "actual practice is likely to produce confusion in the minds of consumers about the origin of the goods or services in question." *KP Permanent Make-Up*, 543 U.S. at 117-24 (citations omitted) (holding that a defendant claiming fair use has no obligation to disprove likelihood of confusion). To the extent the likelihood of confusion analysis is even relevant here, Arnold has not pleaded a factual basis for finding confusion.

In determining likelihood of confusion, courts apply the *Polaroid* factors:

(1) the strength of the plaintiff's mark; (2) the similarity of plaintiff's and defendant's marks; (3) the competitive proximity of their products; (4) the likelihood that plaintiff will "bridge the gap" and offer a product like the defendant's; (5) actual confusion between products; (6) defendant's good faith; (7) the quality of defendant's product as compared to plaintiff's; and (8) the sophistication of the purchasers.

*Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739, 743 (2d Cir. 1998) (citing *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961)).

11

It is unimaginable that a reasonable consumer would be confused as to the source of ABC's advertisements and website. In this case, the *Polaroid* factors are either inapplicable or weigh so heavily in favor of ABC that Arnold cannot establish any likelihood of confusion. For example, the mark is weak because she registered a common English phrase as the title of a program accessible to only a limited subset of consumers who viewed the New York cable-access show in the past year. Competition between ABC and Plaintiff is non-existent because her cable-access, reality-television program has nothing in common with ABC's nationwide, broadcast network, fictional show. Moreover, the programs air on different days and at different times. Plaintiff has not alleged any intention or possibility that she will expand the use of her mark to a national, broadcast network market for fictional television. Indeed, it would be impossible for Plaintiff to establish that any appreciable number of consumers nationwide would actually confuse the source of ABC's advertisements and website. Furthermore, all of ABC's promotions and advertisements at issue identify ABC as the source and *Boston Legal* as the product. (Lobenfeld Decl. Exs. C-E.) There is no possibility that a consumer would view the advertisements and be confused as to the source; let alone believe that the advertisement was referring to Arnold's show. Therefore, Plaintiff has not alleged, and cannot establish, likelihood of confusion.

## II.

## PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED

The Complaint purports to state claims for dilution and unfair competition under New York law. (Compl. ¶¶ 64-79.) Here too, Plaintiff's claims should be dismissed.

**A.  Plaintiff Has Not Alleged that Her Mark Is Strong Enough to Be Diluted Under New York Law**

To state a claim for dilution under New York law, a plaintiff must allege, among other things, that the plaintiff's mark possesses "a distinctive quality capable of dilution." *Mead Data Cent., Inc. v. Toyota Motor Sales U.S.A., Inc.*, 875 F.2d 1026, 1030 (2d Cir. 1989). Distinctiveness is established by the strength of the mark, or whether it has acquired secondary meaning. *Id.* "[S]elling power in a limited geographical or commercial area does not endow [a mark] with a secondary meaning for the public generally." *Id.*

Although no showing of a likelihood of confusion is required, New York's anti-dilution statute "protects only extremely strong marks." *Sally Gee, Inc. v. Myra Hogan, Inc.*, 699 F.2d 621, 625 (2d Cir. 1983). The New York legislative history references the oft-cited examples of dilution that illustrate the requisite strength of a mark for a dilution claim: "Dupont shoes, Buick aspirin tablets, Schlitz varnish, Kodak pianos, Bulova gowns, and so forth." *Mead Data*, 875 F.2d at 1031 (citing N.Y. Legis. Ann. 49-50 (1954)). A mark cannot be diluted without "some mental association between the plaintiff's and defendant's marks." *Id.* This mental association can occur if the plaintiff's mark is very famous, *i.e.*, having "a distinctive quality for a significant percentage of the defendant's market."[4] *Id.*

---

[4]  The Second Circuit has generally required survey data showing 50% or greater recognition to establish secondary meaning. *Empresa Cubana del Tabaco v. Culbro Corp.*, No. 97 Civ. 8399(RWS), 2004 WL 602295, at * 36 (S.D.N.Y. Mar. 26, 2004) (citations omitted). Arnold makes no such allegation of secondary meaning, nor could she do so with a straight face.

13

Plaintiff has not alleged, and cannot allege, that her mark has a distinctive quality or is extremely strong. Plaintiff's mark does not rise to the level of strength similar to Dupont, Buick, or Kodak, and it is inconceivable that a "significant percentage" of ABC's audience would mentally associate ABC's use of "What's your problem?" with Plaintiff's reality show. Plaintiff, accordingly, has failed to allege a claim for dilution.

**B.** **Plaintiff Has Failed to State a Cause of Action for Unfair Competition**

The elements of common law unfair competition under New York law "mirror Lanham Act claims." *Info. Superhighway, Inc. v. Talk Am., Inc.*, 395 F. Supp. 2d 44, 56 (S.D.N.Y. 2005). Establishing fair use under the Lanham Act "equally precludes recovery for common law unfair competition." *Wonder Labs, Inc. v. Procter & Gamble Co.*, 728 F. Supp. 1058, 1067 (S.D.N.Y. 1990).

Because ABC's use constitutes fair use, as demonstrated above, Plaintiff cannot establish common law unfair competition. Therefore, her claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should, in all respects, be granted.

Dated: New York, New York
May 25, 2006

                                        Respectfully submitted,

                                        HOGAN & HARTSON L.L.P.

                                        By:       /s/
                                              Eric J. Lobenfeld (EL 4560)
                                            R. Brian Black (RB 3675)

                                        875 Third Avenue
                                        New York, New York  10022
                                        (212) 918-3000
                                        *Attorneys for Defendants*
                                        *American Broadcasting Companies, Inc. and*
                                        *the Walt Disney Company*